

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-72,971-07

### EX PARTE RODRICK LAVAUR GRIFFIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. FR 60942-G IN THE 27TH DISTRICT COURT FROM BELL COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of forgery by passing and was sentenced to twenty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Griffin v. State*, No. 03-08-00397-CR (Tex. App.—Austin July 3, 2009) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied time credit while released on parole. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC.

art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented. The response shall then state whether Applicant was serving a sentence for, or has been previously convicted of, an offense described by § 508.149(a) of the Texas Government Code when his parole was revoked. If not, the response shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) how much time Applicant spent on parole before any revocation warrants were issued,
(4) the dates any revocation warrants were issued and executed, and
(5) whether Applicant received credit while released on parole.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by § 501.0081(b) of the Government Code. The trial court shall then determine whether Applicant is eligible to earn street time credit and, if so, whether he is receiving the proper credit for that time. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: SEPTEMBER 07, 2022
Do not publish